Andre K. Cizmarik
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

Attorneys for Defendants Vinod Sankar and Sharmila Sankar

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
                                          :
NETYANTRA, INC., NETYANTRA INDIA          :
PRIVATE LIMITED, SANJEEV THOTTAPILLY      :
MENON, and VINOD MENON,                   :
                                          :   Case No. 08-CV-02414 (GEL)
                Plaintiff,                :
                                          :
        v.                                :
                                          :
VISTULA COMMUNICATIONS SERVICES,          :
INC., VINOD SANKAR, SHARMILA SANKAR,      :
and ADAM N. BISHOP,                       :
                                          :
                Defendants.               :
                                          :
------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANTS VINOD SANKAR AND SHARMILA SANKAR IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

NYC 309498.1

## **PRELIMINARY STATEMENT**

The present case essentially involves a breach of a purchase agreement between two corporate entities – plaintiff NetYantra, Inc. ("NetYantra") and defendant Vistula Communications Services, Inc. ("Vistula") concerning Voice over Internet Protocol ("VoIP") software technology. However, in an attempt to turn this garden variety breach of contract case into something more, plaintiffs have made allegations of a conspiracy and asserted additional causes of action for breach of fiduciary duty, conversion and tortious interference against several individual defendants including movants Vinod Sankar and Sharmila Sankar. Significantly, in plaintiffs' haste to run to federal court, they failed to consider fundamental precepts of federal diversity jurisdiction and failed to realize that they lack any basis to invoke this Court's subject matter jurisdiction. Although plaintiffs plead diversity jurisdiction as the sole basis for federal court jurisdiction, the allegations of citizenship on the face of the complaint make clear that diversity is lacking because both plaintiff NetYantra and defendant Vistula are corporations organized under the laws of the same state (Delaware). Moreover, several of the plaintiffs and several of the defendants are residents of India. This destroys diversity as well. Thus, it is obvious that plaintiffs failed to undertake even the most rudimentary examination of the law to satisfy themselves that diversity jurisdiction existed. In light of this failure, in addition to seeking dismissal of the complaint, defendants Vinod Sankar and Sharmila Sankar also seek reimbursement of the attorneys fees and costs expended in connection with this motion.

## ARGUMENT

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis of jurisdiction is not sufficient." Frisone v. Pepsico, Inc., 369 F.Supp.2d 464, 469 (S.D.N.Y. 2005)(citations omitted). The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that such jurisdiction exists. Phoenix Four, Inc. v. Strategic Res. Corp., 446 F.Supp.2d 205, 211-12 (S.D.N.Y. 2006). "In considering the motion, the Court must 'accept as true all material factual allegations in the complaint.'" Rosner v. Bank of China, 528 F.Supp.2d 419, 423 (S.D.N.Y. 2007) (citation omitted).

This action was commenced in March of 2008 by plaintiffs NetYantra, NetYantra India Private Limited ("NetYantra India"), Sanjeev Thottapilly Menon and Venod Menon against defendants Vistula Communications Services, Inc., Vinod Sankar, Sharmila Sankar and Adam N. Bishop. (Complaint, ¶¶ 2-9.)[1] The citizenship of the various parties (as alleged in the Complaint) is as follows:

| Name of Party | Residence | State of Incorporation | Principal Place of Business |
|---|---|---|---|
| **Plaintiffs** | | | |
| NetYantra, Inc. | | Delaware (¶ 2) | Florida (¶ 2) |
| NetYantra India Private Limited | | India (¶ 3) | Not alleged |
| Sanjeev Thottapilly Menon | India (¶ 4) | | |
| Venod Menon | India (¶ 5) | | |

---

[1] The Complaint, which was filed on March 10, 2008, is annexed as Exhibit A to the August 29, 2008 Declaration of Andre K. Cizmarik.

| Name of Party | Residence | State of Incorporation | Principal Place of Business |
|---|---|---|---|
| **Defendants** | | | |
| Vistula Communications Services, Inc. | | Delaware (¶ 6) | New York (¶ 6) |
| Vinod Sankar | India (¶ 7) | | |
| Sharmila Sankar | India (¶ 8) | | |
| Adam N. Bishop | United Kingdom (¶ 9) | | |

In the Complaint, the only basis alleged for federal jurisdiction is diversity jurisdiction. (Complaint, ¶10.) Plaintiffs rely on 28 U.S.C. §1332(a)(3) and allege that "the action is between citizens of different States, and citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000.00" (Complaint, ¶ 10).

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See IGY Ocean Bay Props., Ltd. v. Ocean Bay Props. I, Ltd., 534 F.Supp. 2d 466, 448 (S.D.N.Y. 2008) ("For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and any state . . . in which it is incorporated."); Phoenix Four, 446 F.Supp.2d at 212 (observing that "if a single defendant is from the same state as the plaintiff, the district court loses diversity jurisdiction over the entire action.")

Here, plaintiff NetYantra (a corporation) is a citizen of Delaware and Florida (Complaint, ¶ 2) and defendant Vistula (a corporation) is a citizen of Delaware and New York. (Complaint, ¶6.) Given that at least one plaintiff and one defendant are citizens of the same state (i.e.,

Delaware), diversity is destroyed, and this Court lacks subject matter jurisdiction to entertain this lawsuit. See Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity' - that is, that it does not share citizenship with any other defendant.") (citing C.T. Carden v. Arkoma Assocs., 494 U.S. 185, 187, 110 S.Ct. 1015, 1017 (1990)); Pelman v. McDonald's Corp., 237 F. Supp. 2d 512, 521 (S.D.N.Y. 2003) (observing that "no defendant may share citizenship with a plaintiff") (citation omitted); Chase Manhattan Bank, N.A. v. Aldridge, 906 F. Supp. 870, 871 (S.D.N.Y. 1995) (noting that "[t]here must be 'complete diversity' among all parties such that no plaintiff and no defendant may be citizens of the same state.") (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)); Lloyds Bank PLC v. Norkin, 817 F.Supp. 414, 417 (S.D.N.Y. 1993) (finding that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff") (citations and internal quotation marks omitted); Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991) (stating that "no plaintiff may be a citizen of any state of which defendant is also a citizen") (citation omitted); Miss Greater N.Y.C. Scholarship Pageant v. Miss N.Y. State Scholarship Pageant, 526 F. Supp. 806, 807 (S.D.N.Y. 1981) ("It is hornbook law that in order to base federal jurisdiction on diversity of citizenship it is necessary that all of the defendants be citizens or residents of a state other than that in which plaintiffs reside.").

Additionally, plaintiffs NetYantra India, Sanjeev Thottapilly Menon and Venod Menon are residents of India and defendants Vinod Sankar and Sharmila Sankar are also residents of India. Thus, complete diversity is also lacking because at least one plaintiff and one defendant

are from the same foreign state. See De Wit v. KLM Royal Dutch Airlines, N.V., 570 F.Supp. 613, 617 (S.D.N.Y. 1983) (holding that "the requirement of complete diversity applies with the same force and effect to 'additional parties' under § 1332(a)(3)").[2]

## CONCLUSION

For the above stated reasons, defendants Vinod Sankar and Sharmila Sankar respectfully request that this Court enter an order: (i) granting their motion to dismiss for lack of subject matter jurisdiction; (ii) awarding it attorneys fees and costs incurred in connection with this motion; and (iii) granting such other and further relief in favor of defendants Vinod Sankar and Sharmila Sankar and against plaintiffs as this Court deems just and proper.

Dated: New York, New York
August 29, 2008

Respectfully submitted,

Edwards Angell Palmer & Dodge LLP

By: _/s/ Andre K. Cizmarik_
Andre K. Cizmarik
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

Attorneys for Defendants
Vinod Sankar and Sharmila Sankar

---

[2] The Second Circuit has not spoken on this issue although one other district court declined to follow the De Wit case. See Bank of New York v. Bank of America, 861 F.Supp. 225, 228 (S.D.N.Y. 1994).